IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

KELSEY BISS,                                          )
                                                     )
                    Plaintiff,                       )     TC-MD 130485C
                                                     )
        v.                                           )
                                                     )
DEPARTMENT OF REVENUE,                               )
State of Oregon,                                     )
                                                     )
                    Defendant.                       )     **FINAL DECISION**

On March 31, 2014, the court entered its Decision in the above-entitled matter. Plaintiff

filed a cost statement on April 14, 2014, which is not later than 14 days after the court's Decision

was entered, as required under Tax Court Rule-Magistrate Division (TCR-MD) 19 C(1).

Defendant filed its Objection to Claim for Award of Costs and Disbursements (Objection) on

April 22, 2014. As of the date of this Final Decision, the court has not received a request to

schedule a hearing or Plaintiff's request to file a reply to Defendant's Objection. TCR-MD

C(2)(b)-C(3). This matter is now ready for the court's Final Decision. The court's Final

Decision incorporates its Decision without change and includes the court's analysis and

determination of Plaintiff's request for costs in section III.[1]

Plaintiff appeals Defendant's Notice of Deficiency Assessment dated July 30, 2013, for

the 2012 tax year. A trial was held by telephone on March 5, 2014. Mitchell Biss (Biss), CPA,

appeared and testified on behalf of Plaintiff. Plaintiff testified on her own behalf. Tony Inovejas

/ / /

---

[1] In its Decision entered on March 31, 2014, the court denied Plaintiff's request for costs, finding that the request was "premature and not filed in accordance with TCR-MD 19." Plaintiff has now filed a request for costs in accordance with TCR-MD 19. As a result, the court has replaced is prior denial of Plaintiff's request for costs with the analysis in section III of this Final Decision.

(Inovejas), Tax Auditor, appeared and testified on behalf of Defendant. Plaintiff's Exhibits 1 through 10 and Defendant's Exhibits A through G were received without objection.

## I. STATEMENT OF FACTS

Plaintiff filed her 2012 state income tax return claiming head of household filing status and one dependent, her minor child, born in 2008. (Ptf's Ex 3 at 1, 17.) Plaintiff worked as a medical assistant and reported wages of $26,706. (*Id.* at 1-2.; *see also* Ptf's Ex 5 (Plaintiff's Form W-2 for the 2012 tax year).) For the 2012 tax year, Plaintiff claimed a child and dependent care credit (child care credit) and a working family child care credit (working family credit) based on child care payments made to Rowdy Rascals totaling $6,580. (Ptf's Ex 3 at 3, 16-17.)

Plaintiff testified that Rowdy Rascals was a preschool and daycare operated by Lisa Grimes (Grimes) in 2012. (*See* Ptf's Ex 6.) Rowdy Rascals was licensed by the Oregon Employment Department Child Care Division in 2012 to provide care for up to 16 children between the ages of 3 months and 10 years. (*Id.*) Plaintiff testified that, during the 2012 tax year, she had an agreement with Grimes to pay $287.50 twice monthly, on the 1st and 15th of each month, for child care. (*See* Ptf's Ex 4; Def's Ex A.) She testified that the rate was reduced to $275.00 after her daughter was toilet trained. (*See* Ptf's Ex 4.) Plaintiff testified that she did not have a bank account in 2012 so she paid Grimes in cash. (*See* Def's Ex B.)

Grimes provided a letter to Defendant stating that Plaintiff's "daughter was a full time child in [Grimes'] care for the entire year [of 2012] and she paid her bill as agreed on the 1st and 15th of each month." (Def's Ex A.) Grimes' letter further states that she "provided itemized receipts to [Plaintiff] each time she paid (in cash)." (*Id.*) Plaintiff testified that the "receipts" referred to by Grimes were copies of a ledger on which Grimes recorded the date, charge, credit, and balance for each bimonthly payment in 2012. (Ptf's Ex 4; Def's Ex C.) She testified that,

each time she made payment, Grimes provided her with a copy of the ledger reflecting the most recent payment. Plaintiff testified that she did not keep copies of all the ledgers provided throughout the year because each new ledger she received reflected the prior payments made.

Plaintiff submitted the 2012 ledger including Plaintiff's name, Plaintiff's address, Plaintiff's child's name, Grimes' address, Grimes' telephone number, and Grimes' employer identification number. (Ptf's Ex 4.) The ledger includes dated entries with "memo/description," "charges," "credits," and "balance." (*Id.*) Each entry includes the "memo/description" of "semi-monthly childcare and cash payment." (*Id.*) Entries from January 1, 2012, through August 1, 2012, report charges of $287.50 and credits of $287.50 on the 1st and 15th of each month. (*Id.*) An August 15, 2012, entry states $175.00 was charged and credited with the additional notation "vacation deducted." (*Id.*) An entry on August 31, 2012, states $287.50 was charged and credited.[2] (*Id.*) Entries on September 15, 2012, October 15, 2012, November 1, 2012, November 15, 2012, November 30, 2012,[3] and December 15, 2012, state that $275.00 was charged and credited. (*Id.*) An entry on October 1, 2012, states $155.45 was charged and credited for with the additional notation "less daycare closure." (*Id.*) A total of $6,580 is stated at the end of the "credits" column. (*Id.*)

Plaintiff testified that she made all of the payments to Grimes reported in the 2012 ledger. She testified that the father of her child did not help her make any of the child care payments.

Inovejas testified that he does not think Plaintiff adequately substantiated her child care expenses. He testified that the ledger does not qualify as a "receipt" and does not prove that Plaintiff made payments to Grimes. Inovejas provided an excerpt from Defendant's published

---

[2] The ledger does not include a separate entry for September 1, 2012, although a note in the "credits" category for the August 31, 2012, entry indicates payment was credited on September 1, 2012. (Ptf's Ex 4.)

[3] The ledger does not include an entry on December 1, 2012. (Ptf's Ex 4.)

guidance on the 2012 Schedule WFC. (Def's Ex D.) Defendant's publication discusses "[p]roof of qualifying child care expenses." (*Id.* at 2.) Inovejas noted the statement "[a]cceptable proof may include, but is not limited to, legible copies of * * * [s]igned receipts from the child care provider received at the time of payment." (*Id.*) It further states that "[r]eceipts should include: [t]he child's full name[;] [d]ates of care[;] [d]ate and amount of child care paid[;] [n]ame of person or agency paying[;] [p]rovider's name, address, and telephone number[;] [p]rovider's identification number (SSN/FEIN)[; and] [t]he method of payment (check, money order, cash, etc.)." (*Id.* at 2-3.) Inovejas testified that, under ORS 315.262(5)(a), Defendant may "[a]dopt rules for carrying out the provisions of this section[.]" (Def's Ex E at 2.)

Inovejas testified that Grimes should have testified at trial. Biss testified that Grimes was not available to testify because she was working at her business, Rowdy Rascals.

In addition to her claimed income tax refund, Plaintiff requests that the court award her the $240 filing fee and accounting fees totaling $2,195 incurred in this appeal. (Ptf's Exs, 1, 10.)

## II.  ANALYSIS

The issue before the court is whether Plaintiff is entitled to a working family credit and a child care credit for the 2012 tax year based on claimed child care expenses of $6,580.

ORS 315.262 provides a refundable credit, the working family credit, for qualifying taxpayers to partially offset child care costs incurred while taxpayers are working, attending school, or "seek[ing] employment."[4] ORS 315.262(3) states in, part, that "[a] qualified taxpayer shall be allowed a credit against the taxes otherwise due under ORS chapter 316 equal to the applicable percentage of the qualified taxpayer's child care expenses * * *." Under ORS 315.262(1)(a), "child care" is "care provided to a qualifying child of the taxpayer for the

---

[4] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

purpose of allowing the taxpayer to be gainfully employed, to seek employment or to attend school on a full-time or part-time basis[.]" "[T]he [working family] credit is limited to costs associated with child care" and such costs "must be made by the parent claiming" the working family credit. OAR 150-315.262(3). "Payments made by an entity or individual other than the parent claiming the credit are not payments made by the taxpayer." *Id.*

ORS 316.078 provides a nonrefundable credit, the child care credit, for certain "employment-related expenses," including child care, paid by a taxpayer for the care of a dependent child or children. The child care credit is specifically tied to Internal Revenue Code (IRC) section 21. The child care credit is "equal to a percentage of employment-related expenses allowable pursuant to section 21 of the Internal Revenue Code * * *." ORS 316.078(1); *see also* OAR 150-316.078(1).[5] IRC section 21(a)(l) provides a credit for a "percentage of the employment-related expenses * * * paid by such individual during the taxable year." "Expenses are employment-related expenses only if they are for the purpose of enabling the taxpayer to be gainfully employed. The expenses must be for the care of a qualifying individual or household services performed during periods in which the taxpayer is gainfully employed or is in active search of gainful employment." Treas Reg 1.21-1(c).

Plaintiff has the burden of proof and must establish her case by a "preponderance" of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence * * *." *Feves v. Dept. of Revenue,* 4 OTR 302, 312 (1971). This court has stated that the preponderance standard "mean[s] more likely than not." *Parker v. Department of Revenue*, TC-MD No 101057C, WL 4763133 at *7 (Oct 8, 2012). "[I]f

---

[5] OAR 150-316.078(1) states: "When calculating the Oregon child care credit, taxpayers must use the same employment related expenses used for calculating the federal credit, subject to the same limitations and eligibility requirements outlined in the IRC Section 21."

the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet [her] burden of proof." *Reed v. Dept. of Rev.,* 310 Or 260, 265, 798 P2d 235 (1990).

Inovejas testified that, in his view, Plaintiff's evidence was insufficient because it did not include receipts with all of the information listed in the published guidance and because Plaintiff did not provide "bank statements or bank receipts showing cash withdrawals * * *." (Def's Ex D at 2-3.) The court agrees that it is important for taxpayers claiming the working family credit to maintain good records and provide adequate substantiation that they are entitled to the credit claimed. Canceled checks or contemporaneous, signed receipts that include the date, the name of the individual who paid cash, and the amount paid are examples of evidence that provides adequate substantiation. *See Shirley v. Dept. of Rev.* (*Shirley*), TC-MD No 130451D, WL 811543 at *3 (Mar 3, 2014). Ultimately, however, the court's task is to interpret and apply the controlling statutes in this case, ORS 315.262 and ORS 316.078. *See* ORS 174.010(1)(a) ("[i]n the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted or to omit what has been inserted"). There is no statutory requirement that taxpayer maintain a bank account and the court is not bound by the Department of Revenue's published guidance, which is provided for the benefit of taxpayers claiming the working family credit.

To determine whether a taxpayer is entitled to the working family credit claimed, the court weighs all of the testimony and evidence presented under a preponderance of the evidence standard, as required by ORS 305.427. In the context of the working family credit, the court has allowed the credit when the taxpayer provided credible testimony and some written substantiation, even if not perfect. *See e.g., Rosette v. Dept. of Rev.*, TC-MD No 080862D, WL 1311525 at *3 (May 12, 2009) (finding "Plaintiff's sworn testimony and the nonconsecutive

dated and signed receipts provide sufficient information to meet the statutory requirement of preponderance of evidence" despite some problems with the receipts and the child care provider's failure to file a personal income tax return).

There is no dispute that Plaintiff worked in 2012, that she received sufficient income to pay for the claimed child care, or that her child was a "qualifying" child within the meaning of ORS 315.262(1)(f). There is no contention that Plaintiff had a familiar or other relationship with her child care provider, which might suggest the transaction was "not arm's-length." OAR 150-315.262(3)(b)(F); *see also Carter v. Dept. of Rev.,* TC-MD No 080689C, WL 1351818 at *3 (Apr 30, 2009) ("[t]ransactions between related parties rightly generate heightened scrutiny, because of the increased potential for favorable treatment (*e.g.,* leniency when the taxpayer cannot afford some or all of the amount due)"). The only issues raised in this case are whether Plaintiff, rather than another "entity or individual," made the claimed child care payments and whether $6,580 was the total amount of the payments. *See* OAR 150-315.262(3).

Plaintiff testified persuasively that she paid Grimes to provide child care for her child in 2012. The court found Plaintiff to be credible and accepts her testimony as true. No evidence was presented to suggest that any individual or entity other than Plaintiff paid for the care of her child in 2012. The remaining question is whether Plaintiff adequately substantiated that her child care payments in 2012 totaled $6,580. "When a taxpayer decides to pay cash for child care expenses, the taxpayer has the burden of providing sufficient evidence to substantiate the total amount of the claimed expense." *Shirley*, WL 811543 at *3. Here, Plaintiff provided a letter from her child care provider, Grimes, explaining her agreement with Plaintiff and a ledger reporting the date, amount, and form of payment (cash) for each child care payment in 2012.

/ / /

The ledger is consistent with Grimes' letter. Based on that evidence and Plaintiff's credible testimony, the court is persuaded that Plaintiff paid $6,580 to Grimes for child care in 2012.

## III. COSTS AND DISBURSEMENTS FACTS AND ANALYSIS

The Magistrate Division has discretionary authority under ORS 305.490(2) to award costs and disbursements to the prevailing party. *Wihtol v. Multnomah County Assessor* (*Wihtol*), TC-MD No 120762N, WL 274126 at *1 (Jan 24, 2014). The Magistrate Division has promulgated a rule, TCR-MD 19, that sets forth the procedure for a prevailing party to request costs and disbursements. As required under TCR-MD 19 C(1), Plaintiff filed a cost statement on April 14, 2014, requesting that the court award her costs totaling $3,058.42. Pursuant to TCR-MD 19 C(2)(a), Defendant filed an Objection to Plaintiff's cost statement. Neither party requested that the court schedule a hearing "to consider issues and evidence related to the request for costs" and Plaintiff did not request to file a reply to Defendant's Objection. TCR-MD 19 C(3); *see also* TCR-MD 19 C(2)(b).

Under TCR-MD 19 B, "costs and disbursements may be awarded only to the prevailing party[.]" *See Wihtol*, WL 274126 at *2. There is no question that Plaintiff is the prevailing party in this matter. The question becomes whether the court should, in its discretion, award Plaintiff her costs. *See Wihtol*, WL 274126 at *4 ("[t]he award of costs and disbursements is entirely discretionary with the court[]" (citations omitted)). Defendant objects to an award of costs in this case because Defendant

> "did not exceed its authority by issuing a Notice of Deficiency. The [l]egislature, through [] ORS 315.262, allows [Defendant] to adopt rules on how to process Working Family Credit (WFC) requests. With this authority, it is reasonable for [Defendant] to require proof of payment, and that in the case of taxpayers making cash payments, bank statements are necessary. [Defendant] acted in good faith based on policies deemed necessary to administer the tax laws."

(Def's Objection at 1.)

In *Wihtol*, this court discussed some considerations that may be relevant to the court's exercise of its discretion to award costs. WL 274126 at *5. Those considerations included whether the taxpayer timely filed required returns and whether the taxpayer took advantage of any available administrative review to avoid the necessity of litigation. *Id.*

Here, Plaintiff filed her 2012 Oregon income tax return including the Schedule WFC. (Ptf's Compl at 22-24.) Defendant requested additional information from Plaintiff and Plaintiff responded with "receipts of payments made to Rowdy Rascals daycare [the ledger], W-2 wages and a letter from Lisa Grimes, owner of Rowdy Rascals." (Ptf's Compl at 2, 25-26; Ptf's Ex 7.) Defendant's exhibits included a letter from Grimes dated May 13, 2013, and a letter from Plaintiff to Defendant on May 21, 2013. (Def's Exs A-B.) Defendant stated that both letters were "provided to [Defendant] during the processing of the return." (Def's Ltr to Exs at 2.) Plaintiff submitted a written objection to Defendant, although the date it was submitted to Defendant is unclear. (Ptf's Compl at 27.) During the case management conference held in this matter with Magistrate Robinson, there was some discussion among the parties indicating that Plaintiff's written objection was not filed within the 30-day time allowed after the Notice of Deficiency. Plaintiff contends that "a decision of denial was made [by Defendant,]" but it "was sent to an incorrect address (nor was it sent to a previous address of [Plaintiff's]." (*Id.* at 2.) Defendant issued its Notice of Deficiency Assessment on July 30, 2013. (*Id.* at 4.) Plaintiff's Complaint was timely filed with this court on September 30, 2013.

After considering the timeline described above, the court concludes that Plaintiff made good faith, reasonable efforts to avoid the necessity of filing a complaint in this matter and Defendant has presented no reason to deny Plaintiff's request for costs. Although there is some question of whether Plaintiff timely availed herself of the opportunity to file a written objection

with Defendant, there is no question that Plaintiff timely filed her Oregon income tax return and responded to Defendant's written request for additional information. In its Objection, Defendant suggests that Plaintiff was required to file a complaint with this court because she failed to comply with a requirement to provide bank statements proving her claimed child care payments. (*See* Def's Objection at 1 ("bank statements are necessary").) As stated in the court's preceding analysis, "[t]here is no statutory requirement that taxpayer maintain a bank account * * *." Thus, the necessity of Plaintiff filing a complaint in this matter did not arise because Plaintiff failed to comply with statutory requirements. The court concludes that Plaintiff is entitled to an award of costs properly claimed under TCR-MD 19.

The majority of the items on Plaintiff's cost statement are accountant fees for work completed by Plaintiff's authorized representative related to this matter. ORS 305.490(3)(a) states, in pertinent part,

> "If, in any proceeding before *the tax court judge* involving taxes upon or measured by net income in which an individual taxpayer is a party * * * the court grants a refund claimed by the * * * taxpayer[,] * * * the court may allow the taxpayer, *in addition to costs and disbursements*, the following:
>
> "* * * * *
>
> "(B) Reasonable expenses as determined by the court. Expenses include accountant fees * * * incurred by the * * * individual taxpayer in preparing for and conducting the proceeding *before the tax court judge* and the prior proceeding in the matter, if any, before the magistrate."

(Emphasis added.) Thus, accountant fees are "expenses," not "costs and disbursements." It is clear based on the statutory language that expenses, including accountant fees, may be awarded *in addition to* costs and disbursements. *See also PGE v. Dept. of Rev.*, 11 OTR 78, 94 (1988) (concluding that accountant fees are specifically addressed in the statute allowing an award of reasonable expenses and are not costs and disbursements). Authority to award reasonable

expenses, including accountant fees, is given specifically to the "tax court judge" and not to tax court magistrates. Thus, Plaintiff's request for accountant fees is denied.

Plaintiff's cost statement includes "photocopies of any and all related information" for trial, but the expense amount for that item is unclear. Plaintiff's cost statement includes $19.99 for "overnight mailing fee" and $240 for the "court fee." Defendant objected to Plaintiff's cost statement because "Plaintiff did not provide proof of payment to support the request for an award of costs and disbursements. In addition, TCR-MD 19 (C)(1) provides a sample statement of costs and disbursements, and [] the statement must be signed and [] all applicable receipts should be attached." (Def's Objection at 1.)

As Defendant correctly noted, TCR-MD 19 C(1) refers to "[a] sample statement of costs and disbursements" available on the court's website. The sample form indicates that a party seeking costs and disbursements should attach "[a] detailed accounting of costs and disbursements" and states that "[r]eceipts should be attached for all claimed costs and disbursements except the filing fee." Plaintiff did not attach any receipts to her cost statement and did not seek to remedy that omission by requesting to file a reply to Defendant's Objection. Even though Plaintiff may otherwise be entitled to costs for photocopying and mailing under TCR-MD 19 A, the court cannot award those costs in this case because Plaintiff failed to provide receipts proving the amount of those expenses. No receipt is required to prove payment of the court's filing fee. Plaintiff is entitled to recover her cost of the $240 court filing fee.

## IV. CONCLUSION

After carefully considering the testimony and evidence presented, the court concludes that Plaintiff paid child care expenses totaling $6,580 in 2012. The court further concludes that

/ / /

Plaintiff's request for costs under TCR-MD 19 B is granted in part. Plaintiff is awarded costs of $240 for her filing fee. Now, therefore,

IT IS THE DECISION OF THIS COURT that for the 2012 tax year, Plaintiff is entitled to a working family credit and a child care credit based on child care expenses of $6,580.

IT IS FURTHER DECIDED that Plaintiff's requests for costs under TCR-MD 19 B is granted in part. Plaintiff is awarded costs of $240.

Dated this ____ day of May 2014.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on May 15, 2014. The court filed and entered this document on May 15, 2014.*